USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/20/26

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TOHO CO., LTD.,

          Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A TO THE COMPLAINT,

          Defendants.

Civil Action No. 26-cv-2302

**PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL**

Toho Co., Ltd. ("Plaintiff") respectfully submits this application to file under seal the following documents associated with the above referenced action until the hearing on Plaintiff's Application for an Order to Show Cause Why a Preliminary Injunction Should Not Issue or further order of the Court:

(1) Plaintiff's Schedule A attached to the Complaint, which identifies and includes a list of Defendants' online marketplace websites (hereinafter the "Defendant Seller Aliases") and the usernames for the Defendant Seller Aliases,

(2) Plaintiff's unredacted version of the Complaint,

(3) Exhibit 3 showing Defendant Seller Aliases' infringement, and

(4) Exhibit 4 showing Plaintiff's efforts to verify Defendants' addresses

Plaintiff filed its public-record version of the documents redacted and concurrently herewith has provisionally filed the documents electronically under seal.

1

In this action, Plaintiff is requesting this *ex parte* relief based on claims for trademark counterfeiting and copyright infringement. Sealing this portion of the file is necessary to prevent the Defendants from learning of these proceedings prior to the entry of a temporary restraining order. If Defendants were to learn of these proceedings prematurely the likely result would be the destruction of relevant documentary evidence and the hiding or transferring of assets to foreign jurisdictions, which would frustrate the purpose of the underlying law and would interfere with this Court's power to grant relief. Once a temporary restraining order has been served on the relevant parties and the requested actions are taken, Plaintiff will move to unseal this document.

The Second Circuit has noted that "notice all too often appears to serve only to render fruitless further prosecution of the action." *In re: Vuitton et Fils S.A.*, 606 F.2d 1, 4-5 (2d Cir. 1979). Affording a defendant time to destroy evidence, hide assets, and effectively make a getaway "is precisely contrary to the normal and intended rule of notice." *In re: Vuitton et Fils S.A.*, 606 F.2d at 5. In enacting the Trademark Counterfeiting Act of 1984, which allows trademark plaintiffs to move for sealed, *ex parte* seizure orders, *see* 15 U.S.C. § 1116(d)(8), Congress established "that many of those who deal in counterfeits make it a practice to destroy or transfer counterfeit merchandise when a day in court is on the horizon." Joint Statement on Trademark Counterfeiting Legislation, Part G, 130 Cong. Rec. at H12076, H12078 (daily ed. Oct. 10, 1984). To that end, Congress concluded that keeping counterfeiters in the dark regarding pending legal action was necessary "to thwart the bad faith efforts of fly by night defendants to evade the jurisdiction of the court." *Id.*

Plaintiff recognizes and acknowledges the importance of public access to court records. However, Plaintiff's ability to preserve its intellectual property rights increasingly necessitates that the targets of its anti-counterfeiting efforts remain unaware that they are the subject of anti-

2

counterfeiting measures. To that end, Plaintiff seeks a temporary seal over this matter until the Court has reviewed Plaintiff's *ex parte* motion and, if granted, until Plaintiff has served the TRO upon Defendants and the Defendant Seller Aliases and Financial Institutions that they use to conduct their illegal business. Plaintiff anticipates this will take approximately one month from the date of filing, subject to the Court's schedule. A temporary seal is a narrowly tailored remedy which effectively and appropriately balances the public's right of access to court records, ensures that Plaintiff's efforts to assert its trademark rights will not be in vain, and prevents Defendants from abusing the public availability of court records to aid their efforts to remove evidence and assets from the jurisdiction of this Court.

Therefore, Plaintiff respectfully requests that the Court grants Plaintiff leave to file its unredacted Complaint, Schedule A, Exhibits 3 and 4. *See, e.g., Wowwee Group Ltd. et al v. Meirly, et al,* No. 1:18-cv-00706 Document # 7 (S.D.N.Y. Feb. 5, 2018) (granting application to seal); *Allstar Marketing v. _GB Housewear Store, et al*. No. 1:17-cv-07596 Document #22 (S.D.N.Y. Oct. 12, 2017) (same); *Spin Master Ltd. and Spin Master, Inc. v. Alan Yuan's Store, et al* No. 1:17-cv-07422 Document #19 (S.D.N.Y. Oct. 13, 2017) (same); *Kipling Apparel Corp. et al v. Rhys, et al* No. 16-cv-990 Document #14 (S.D.N.Y. Feb. 17, 2016) (same).

Dated: March 20, 2026

Respectfully submitted,

*/s/ Shengmao Mu*
Shengmao Mu
NY No. 5707021
**WHITEWOOD LAW PLLC**
57 West 57th Street, 3rd and 4th Floors
New York, NY, 10019
Telephone: (917) 858-8018
Email: smu@whitewoodlaw.com

*Counsel for Plaintiff*



Request **GRANTED.**

The motion to seal is hereby GRANTED. The Clerk of Court is directed to terminate the motion at Docket Number 7 and to maintain Docket Numbers 12, 13, and 14 under seal.

**SO ORDERED.**

3/20/26

DATE        VICTOR MARRERO, U.S.D.J.